**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KARREEM SAMUEL JONES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:24-cv-400-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **Deputy Counselor JO HUNDING,** | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendant.** | : | |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff Karreem Samuel Jones, a prisoner in the Muscogee County Correctional Institute, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 3; ECF No. 7. Plaintiff's motions for leave to proceed *in forma pauperis* are **GRANTED**. ECF No. 3; ECF No. 7. Following preliminary review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 3; ECF No. 7. As it appears Plaintiff is unable to pay the cost of commencing this action, his applications to proceed *in forma pauperis* are hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no

assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the Muscogee County Correctional Institute. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody.  Plaintiff remains

obligated to pay those installments justified by the income in his prisoner trust account while he was detained.  If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Factual Allegations

Plaintiff states that Defendant Jo Hunding agreed to assist him in completing two forms that are required by the Superior Court of Hancock County Clerk's Office (Clerk's Office") to file a state habeas action. ECF No. 1 at 5. He alleges that instead of doing so, Hunding misplaced one of the forms. *Id*. According to Plaintiff, Hunding's "willful deliberate indifference" or "negligence" caused him to miss a deadline, which resulted in this Court dismissing his federal habeas petition as untimely. *Id*. at 5-6.

While Plaintiff provides little detail in his statement of claim, he did attach to his complaint a copy of "Petitioner's Objection to Final Report and Recommendation of U.S. Magistrate Judge"

that he filed in his 28 U.S.C. § 2254 action.  ECF No. 1-1; ECF No. 17 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. March 9, 2012).  In reviewing this Objection and taking judicial notice[1] of the Court's records in *Jones v Johnson*, 5:11-cv-174-MTT-MSH, it appears that Plaintiff's state criminal conviction was final on June 30, 2008, that and he, therefore, had one year from that date to file his federal habeas petition or to file a state habeas petition to toll the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations.  ECF No. 1-1; ECF No. 66 at 6-7 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. May 20, 2015).  His state habeas petition was not filed until July 24, 2009.  ECF No. 66 at 6-7 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. May 20, 2015).  Plaintiff alleges that Defendant Jo Hunding was responsible for the delay because she misplaced one of the necessary forms.  ECF No 1 at 5; ECF No. 1-1 at 5.

Following denial of relief in the state court, Plaintiff filed a 28 U.S.C. § 2254 petition in this Court on May 6, 2011.  ECF No. 1 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. May 6, 2011).  On September 25, 2014, the Court dismissed the petition as untimely, finding that Plaintiff did not file his state habeas petition in time to toll AEDPA's statute of limitations and that he was not entitled to equitable tolling.  ECF No. 56 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. Sept. 25, 2014).  Judgment dismissing the action was entered that same day, and on May 20, 2015, the Eleventh Circuit Court of Appeals declined to issue a Certificate of Appealability ("COA").  ECF No. 57 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga.

---

[1] The Court has authority to take judicial notice of its own records.  *United States v. Rey*, 811 F.2d 1453, 1157 n.5 (11th Cir. 1987) (citation omitted); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020) (holding that district court could judicially notice dates contained in state court docket sheets found on the internet).

Sept. 25, 2014); ECF No. 66 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. May 20, 2015).

    III.   <u>Plaintiff's Claim</u>

        <u>Access-to-courts claim against Defendant Jo Hunding</u>

      Plaintiff alleges a potential access-to-courts claim. *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citations omitted) (stating that "[a]ccess to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment"). Specifically, he argues that Defendant Hunding's failure to have him timely complete and sign a form, as she agreed to do, resulted in his failure to file a state habeas petition in time to toll AEDPA's one-year statute of limitations, which resulted in the dismissal of his federal habeas petition. This Court did dismiss Plaintiff's habeas petition as untimely, but that dismissal occurred more than ten years before Plaintiff filed the current § 1983 complaint on October 30, 2024.[2] ECF No. 1 at 6. His action is, therefore, barred by the statute of limitations.

      "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 920-21 (11th Cir. 2007). The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Georgia's two-year statute of limitations applies. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003);

---

[2] Plaintiff's complaint is dated October 30, 2024. ECF No. 1 at 5. Under the "mailbox rule" the Court generally deems a prisoner complaint filed on the date the plaintiff signs the document and delivers it to prison officials for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). "Absent evidence to the contrary, [the Court] assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

O.C.G.A. § 9–3–33.  While the federal courts borrow the state's statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  The federal claim accrues when the "plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) (quoting *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir.1990); *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (citations omitted) (stating that the statute of limitations begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights'").

The Court assumes that Plaintiff could not have filed a § 1983 action raising an access to courts claim before his federal habeas petition was dismissed (the "actual injury" required in an access-to-courts claim) on September 25, 2014.  *See Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (stating that the "actual injury" requirement for an access to courts claim may be shown if a habeas petition is dismissed or denied); ECF No. 56 and ECF No. 57 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. Sept. 25, 2014) (Order dismissing habeas petition as untimely and judgment entered on same date for Respondent).  This dismissal occurred more than ten years before Plaintiff filed his complaint on October 30, 2024.  Even if the Court assumes Plaintiff's access-to-courts claim did not accrue until after Plaintiff's appeal was resolved by the Eleventh Circuit's denial of a COA, this occurred on May 20, 2015, more than nine years before Plaintiff filed his § 1983 complaint.  *See* ECF No. 66 in *Jones v. Johnson*, 5:11-cv-174-MTT-MSH (M.D. Ga. May 20, 2015) (Order denying a COA and dismissing the appeal).  It is, therefore, clear on the face of Plaintiff's complaint that his claim is barred by the statute of limitations and the action should be dismissed.

In conclusion, Plaintiff's motions to proceed *in forma pauperis* are **GRANTED**. ECF No. 3; ECF No. 7. It is **RECOMMENDED** that Plaintiffs' complaint be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.[3] 28 U.S.C. § 1915A(b)(1).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 11th day of February, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[3]Normally before dismissing with prejudice, the Court must allow the plaintiff an opportunity to amend his complaint. But, in this case, no amendment could overcome Plaintiff's obstacles to recovery. A dismissal with prejudice without allowing amendment is, therefore, appropriate. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing *Burger King Corp. v. C. R. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (finding no need to allow amendment before dismissing with prejudice if amendment would be futile); *Simmons v. Edmondson*, 225 F. App'x. 787, 788-89 (11th Cir. 2007) (per curiam) (citation omitted) (finding district court did not err in dismissing complaint with prejudice without first giving the plaintiff an opportunity to amend because no amendment could overcome the defendants' immunity and amendment would, therefore, be futile).